## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>SMA ELEVATOR CONSTRUCTION, INC.; SCHLAGEL, INC.; BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY,<br><br>          Defendants. | Case No. 5:09-CV-04002 MWB<br><br><br><br>PLAINTIFF'S FOURTH AMENDED COMPLAINT and JURY DEMAND |

COMES NOW, the Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, and for and in support of its causes of action against the Defendants and states to the Court as follows:

### GENERAL INFORMATION

1.       That at all times material hereto the Plaintiff, Nationwide Agribusiness Insurance Company (hereinafter referred to as "Nationwide"), is an insurance company licensed to do business in and doing business in the State of Iowa.

2.       That at all times material hereto the Defendant, SMA Elevator Construction Inc. (hereinafter referred to as "SMA"), is a corporation doing business in Sioux County, State of Iowa and will be served with notice of this action.

3.       That at all times material hereto, SMA was the general contractor for the design, construction, and/or installation of a grain elevator at the Midwest Alton, Iowa terminal, including certain safety features, including, but not limited to, the warning/sensing devices and hazard monitoring system used to determine if equipment in the terminal grain elevator needed

repairs and/or replacement, including but not limited to hot bearing sensors, rub block sensors and slow down sensors; this included the sensing equipment and the sensing equipment and electrical wiring and computer program/system.

4.      That at all times material hereto, SMA was responsible for warning and advising and instructing Midwest regarding safety practices, operation of safety system, and maintenance of the operator, including but not limited to, bearing maintenance.

5.      That at all times material hereto the Defendant, Schlagel, Inc. (hereinafter referred to as "Schlagel"), is a corporation doing business in Sioux County, State of Iowa and will be served with notice of this action.

6.      That at all times material hereto, Schlagel designed and manufactured certain equipment for the elevator including, but not limited to, the elevator legs and certain attachments and component parts to the legs and elevator, including but not limited to, pillow block bearings.

7.      That at all times material hereto, Schlagel sold said equipment referenced in the above paragraph to SMA for use in the design, construction, and installation of the Midwest Alton elevator.

8.      That at all times material hereto the Defendant, Baldor Electric Company (hereinafter referred to as "Baldor") is a corporation doing business in Sioux County, State of Iowa and will be served with notice of this action.

9.      That at all times material hereto the Defendant, Baldor designed and manufactured, including but not limited to, the pillow blocks that housed the bearings that were selected, specified, and installed by Defendants SMA and Schlagel at the Midwest Alton terminal.

10.     That any and all references to "Baldor" in this petition shall be read and deemed applicable to named defendants Baldor Electric Co.; Baldor Electric Co. f/n/a and/or a/k/a Dodge; Dodge a/k/a and/or n/k/a Baldor Electric Company or any other such named entity or subsequent entity.

11.     That on or about July 9, 2008, an explosion and/or fire occurred at Midwest Farmers Cooperative (hereinafter referred to as "Midwest Farmers") in City of Alton, Sioux County, State of Iowa due to an overheated or hot pillow block bearing manufactured by Baldor, selected, specified, and installed by Defendants SMA and Schlagel at the Midwest Alton terminal.

12.     Upon information and belief, the computer hazard monitoring sensing equipment failed to warn the Midwest Alton terminal employees of the hot or overheated pillow block bearing which was a cause of the fire and explosion.

13.     Midwest Farmers is insured by Nationwide to a certain extent for losses caused by the explosion or fire; as a result, Nationwide has made certain payments to Midwest Farmers and/or on behalf of Midwest Farmers as a result of the explosion, and Nationwide is the proper real party in interest

14.     Under the applicable contract for insurance between Midwest Farmers and Nationwide and/or Iowa law, all claims by Midwest Farmers have been assigned to Nationwide to the extent that Nationwide has paid for the loss to Midwest Farmers, and Nationwide is the proper real party in interest.

## DIVISION I

## (NEGLIGENCE/STRICT LIABILITY AGAINST SMA)

15.     That on or about May 23, 1997, Defendant, SMA, contracted with Midwest Farmers to provide manufacturing, and/or assembling, and/or designing, and/or supply, and/or construction and/or installation of a grain elevator for Midwest Farmers at Alton, Iowa.

16.     That said elevator was destroyed in an explosion and/or fire on July 9, 2008.

17.     That Defendant, SMA, was negligent and/or strictly liable in one or more of the following particulars:

    1.     In Failing to Adequately Warn/Instruct/Provide:

        a.  proper and adequate and safe means and/or ways and/or procedures and/or actions to take regarding pillow block bearing maintenance;

        b.  regarding the risks associated with failing to and the need to include explosion or pressure relief panels in said elevator legs;

        c.  regarding the risks associated in the installation of two non-expansion pillow block bearings on the head shaft of the elevator leg.

        d.  regarding the risks associated with failing to and the need to include a dust system that was interlocked with the operating system;

        e.  regarding the risks associated with failing to and the need to have a dust cleaning system in other parts of the leg, including, but not limited to the head section of the elevator leg and interlocked with the operating system;

        f.  regarding the risks associated with failing to and the need to use internal hazard monitoring sensing equipment for the bearings;

        g.  regarding the fact that the hazard monitoring and warning system did not incorporate vibration sensing equipment and relied on temperature only;

h.  regarding the fact that the warning system may not warn the end user of deficiencies in the design, including but not limited to, the fact that the end user may not be warned that there was an overheated pillow block bearing;

i.  regarding the fact that the hazard monitoring system may produce nuisance and false alarms and the proper method of notifying personnel to correct said issues;

j.  regarding the continuing need to have an outside entity commission the hazard monitoring system at an appropriate interval of time;

k.  regarding post-sale warnings;

l.  regarding the need to automate the system to notify the elevator employees of when to perform necessary maintenance on equipment, including but not limited to the elevator leg pillow block bearings;

m. regarding the risks associated with failing to and the need to change out and replace the pillow block bearing seals with E-Tec seals;

n.  regarding the risks associated with failing to and the need to install end caps on the pillow block bearings;

o.  regarding the risks associated with failing to and the need to install a proper size dust collector system in the boot pit;

p.  regarding the risks associated with failing to and the need to install a distributor and/or gates that would prevent the propagation of fire and/or pressure waves in the case of an explosion;

q.  regarding the risks associated with the choice of its hazard monitoring subcontractor;

r.  any and all particulars as identified by Plaintiff's experts; and

s.  any other particulars as discovered herein.

2.  Design Defect

a. In failing to include explosion panels or pressure relief panels in said legs;

b. In violating provisions of NFPA 61, including but not limited to, failing to utilize explosion or pressure relief panels;

c. In failing to install adequate warning or sensing equipment including but not limited to hot bearing sensors, rub block sensors, and slow down sensors and internal sensors for the pillow blocks;

d. In providing a hazard monitoring warning system whereby the end user was not warned of an overheated bearing in the south leg;

e. In failing to provide a warning system with internal bearing sensing equipment;

f. In failing to use reasonable care in designing said hazard monitoring warning system;

g. In failing to use reasonable care in designing the elevator;

h. In failing to incorporate a reasonable alternative design in said warning system;

i. In failing to design the elevator so that the bearings were protected from contamination and corrosion;

j. In failing to design the elevator so that the amount of grease in the bearings was visible or known to the person providing service;

k. In designing the elevator such that the elevator head pulley section included two non-expansion pillow block bearings;

l. In designing the elevator such that the elevator dust system was not interlocked with the operating system;

m. In designing the elevator such that it utilized an undersized dust collector system in the boot pit;

n. In designing the elevator such that it did not include a distributor and/or gates that would prevent the propagation of fire and/or pressure waves;

o. In any other particulars as identified by Plaintiff's experts; and

p. In any other particulars as discovered herein.

3. Manufacturing Defect

   a. In failing to use reasonable care in manufacturing, of said warning system;

   b. In manufacturing a warning system that failed to warn of an overheated bearing in the south leg;

   c. In manufacturing a grain elevator with a manufacturing defect;

   d. In installing 2 non-expansion bearings.

4. Installation Defect – General Negligence

   a. In failing to install the head pulley bearing correctly, including, but not limited to, the failure to install a non-expansion and expansion pillow block bearing on the head section of the south leg;

   b. In violating NFPA 61;

   c. In selection of the hazard monitoring subcontractor;

   d. In failing to commission the hazard monitoring system;

   e. In failing to provide the Dodge maintenance manual to the end user;

   f. For any negligent act of any and all subcontractors;

   g. In failing to install a shroud to cover the pillow block bearings;

   h. In any other particulars as identified by Plaintiff's experts; and

   i. In any other particulars as identified above or as discovered herein.

18.    That the negligence/fault of Defendant, SMA, was a proximate cause of the resulting property and/or other damages to the Midwest Farmers property.

19.    As a result of the negligence/fault of Defendant, SMA, Nationwide has paid and may pay an additional amount of money by reason of the insurance policy covering the property, and Plaintiff has thus been damaged in the same amount by reason of the payment of the insurance proceeds under the policy.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SMA ELEVATOR CONSTRUCTION, INC., in an

amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION II

## (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY - AGAINST SMA)

20.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

21.     That Defendant SMA impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or constructing and/or installing the facility at Midwest Farmers.

22.     That Defendant SMA impliedly warranted that the services it provided rendered the facility safe to use and that Midwest Farmers had been properly warned and/or educated regarding the state of the property, including but not limited to, proper maintenance of the facility, after it left the hands of SMA.

23.     That Defendant SMA impliedly warranted that the product or products and services it rendered were merchantable.

24.     That Defendant SMA breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division I.

25.     That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore mentioned, Plaintiff has sustained damages as set forth above.

26.     That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SMA ELEVATOR CONSTRUCTION, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION III

### (BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE - AGAINST SMA)

27.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

28.     That Defendant SMA impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or constructing and/or installing the facility at Midwest Farmers.

29.     That Defendant SMA impliedly warranted that the services it provided rendered the facility safe to use and that Midwest Farmers had been properly warned and/or educated regarding the state of the property, including but not limited to, proper maintenance of the facility, after it left the hands of SMA.

30.     That Defendant SMA impliedly warranted that the product or products and services it rendered were fit for an intended and/or particular purpose.

31.     That Defendant SMA breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division I.

32.     That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore mentioned, Plaintiff has sustained damages as set forth above.

33.     That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SMA ELEVATOR CONSTRUCTION, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION IV
## (BREACH OF IMPLIED WARRANTY OF WORKMANLIKE MANNER - AGAINST SMA)

34.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

35.     That Defendant SMA impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or constructing and/or installing the facility at Midwest Farmers.

36.     That Defendant SMA impliedly warranted that the services it provided rendered the facility safe to use and that Midwest Farmers had been properly warned and/or educated regarding the state of the property, including but not limited to, proper maintenance of the facility, after it left the hands of SMA.

37.     That Defendant SMA impliedly warranted that the product or products and services it rendered would be of a workmanlike manner.

38.     That Defendant SMA breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division I.

39.     That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore mentioned, Plaintiff has sustained damages as set forth above.

40.     That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SMA ELEVATOR CONSTRUCTION, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION V
### (BREACH OF EXPRESSED WARRANTIES - AGAINST SMA)

41.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs herein as though fully set out.

42.     That Defendant SMA expressly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or constructing the facility at Midwest Farmers.

43.     That Defendant SMA expressly warranted that the services it provided rendered the facility safe to use and that Midwest Farmers had been properly warned and/or educated regarding the services and products provided by SMA.

44.     That Defendant SMA expressly warranted construction of the facility in a workmanlike manner.

45.     That Defendant SMA made other express warranties as to be discovered during the course of this litigation.

46.     That Defendant SMA breached any and/or all of the express warranties including, but not limited to, the allegations as set forth in Division I.

47.     That as a direct and proximate cause of the breach of expressed warranties by the Defendant as heretofore set out Plaintiffs herein have sustained damages as heretofore set out.

48.     That as a direct and proximate cause of the breach of the expressed warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SMA ELEVATOR CONSTRUCTION, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

**DIVISION VI**

**(BREACH OF CONTRACT AGAINST SMA)**

49.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

50.     That under the contract with Midwest Farmers, SMA undertook the duty to construct an elevator that was safe for use.

51.     That under the contract with Midwest Farmers, SMA undertook the duty to construct an elevator that was intended for the purpose of safely handling grain.

52.     That under the contract with Midwest Farmers, SMA undertook the duty to construct an elevator that used components that were state of the art.

53.     That under the contract with Midwest Farmers, SMA undertook additional duties.

54.     That Defendant SMA breached the contract with Midwest Farmers including, but not limited to, the allegations as set forth in Division I.

55.     That as a direct and proximate cause of the breach of contract by the Defendant as heretofore set out Plaintiffs herein have sustained damages as heretofore set out.

56.     That as a direct and proximate cause of the breach of the contract by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SMA ELEVATOR CONSTRUCTION, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION VII
### (NEGLIGENCE/STRICT LIABILITY AGAINST SCHLAGEL)

57.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

58.     That Defendant, Schlagel, provided manufacturing, and/or assembling, and/or designing, and/or supply, and/or other services or products for equipment in said elevator at Alton, Iowa; said equipment was a cause of the explosion and/or fire.

59.     That Defendant, Schlagel, was negligent and/or strictly liable in one or more of the following particulars:

1.     In Failing to Adequately Warn/Instruct/Provide:

  a.   proper and adequate and safe means and/or ways and/or procedures and/or actions to take regarding pillow block bearing maintenance;

  b.   regarding the risks associated with failing to and the need to include explosion or pressure relief panels in said elevator legs;

  c.   regarding the risks associated in the installation of two non-expansion pillow block bearings on the head shaft of the elevator leg.

  d.   regarding the risks associated with failing to and the need to use internal hazard monitoring sensing equipment for the bearings;

  e.   regarding the fact that the hazard monitoring and warning system did not incorporate vibration sensing equipment and relied on temperature only;

  f.   regarding the fact that the warning system may not warn the end user of deficiencies in the design, including but not limited to, the fact that the end user may not be warned that there was an overheated pillow block bearing;

  g.   regarding the fact that the hazard monitoring system may produce false readings and the proper method of notifying personnel to correct said issues;

  h.   regarding the risks associated with failing to and the need to change out and replace the pillow block bearing seals with E-Tec seals;

    i.   regarding the risks associated with failing to and the need to install end caps on the pillow block bearings;

    j.   regarding the risks associated with failing to and the need to install pillow block bearings, including but not limited to the Dodge pillow block bearing, that incorporated internal sensing equipment;

    k.   regarding the risks associated with failing to and the need to install appropriate distributors and/or gates to reduce the effect of fire and/or explosion

    l.   the bearing maintenance instructions of the manufacturer of the failed bearing Dodge/Baldor;

    m.  regarding post-sale warnings;

    n.   any and all particulars as identified by Plaintiff's experts; and

    o.   any other particulars as discovered herein.

2.    Design Defect

    a.   In failing to include explosion panels or pressure relief panels in said legs;

    b.   In violating provisions of NFPA 61, including but not limited to, failing to utilize explosion or pressure relief panels;

    c.   In failing to install adequate warning or sensing equipment including but not limited to hot bearing sensors, rub block sensors, and slow down sensors and internal sensors for the pillow blocks;

    d.   In failing to use reasonable care in designing the elevator or it components therein;

    e.   In failing to design the elevator so that the bearings were protected from contamination and corrosion;

    f.   In failing to design the elevator so that the amount of grease in the bearings was visible or known to the person providing service;

    g.   In designing the elevator such that the elevator head pulley section included two non-expansion pillow block bearings;

    h.   In designing the elevator such that the elevator dust system was not interlocked with the operating system;

    i.   In failing to purchase and use Dodge pillow block bearings that incorporated internal sensing equipment;

    j.   In failing to design appropriate distributors and/or gates to reduce the effect of fire and/or explosion;

    k.   In failing to provide appropriate manufacture bearing maintenance instructions;

    l.   In failing to design bearings for internal sensing equipment and/or failure to utilize and/or purchase Dodge/Balder (or any other manufacturer's) bearings with internal sensing equipment;

    m.  In any other particulars as identified by Plaintiff's experts; and

    n.  In any other particulars as discovered herein.

3.     Manufacturing Defect

    a.   In manufacturing a product with a manufacturing defect;

    b.   In failing to manufacture and provide a head pulley bearing correctly, including, but not limited to, the failure to install a non-expansion and expansion pillow block bearing on the head section of the south leg;

    c.   In manufacturing a product in violation of NFPA 61;

    d.   In manufacturing an elevator and failing to include explosion panels or pressure relief panels in said legs;

    e.   In failing to manufacture adequate warning or sensing equipment including but not limited to hot bearing sensors, rub block sensors, and slow down sensors and internal sensors for the pillow blocks;

    f.   In failing to use reasonable care in manufacturing the elevator or it components therein;

g.  In failing to manufacture the elevator so that the bearings were protected from contamination and corrosion;

h.  In failing to manufacture the elevator so that the amount of grease in the bearings was visible or known to the person providing service;

i.  In failing to manufacture in the elevator a head pulley section included two non-expansion pillow block bearings;

j.  In manufacturing the elevator such that the elevator dust system was not interlocked with the operating system;

k.  In manufacturing the elevator and failing to purchase and install Dodge pillow block bearings that incorporated internal sensing equipment;

l.  In failing to manufacture appropriate distributors and/or gates to reduce the effect of fire and/or explosion;

m.  In failing to manufacture bearings utilizing internal sensing equipment and/or failure to utilize and/or purchase Dodge/Balder (or any other manufacturer's) bearings with internal sensing equipment;

n.  In any other particulars as identified by Plaintiff's experts; and

o.  In any other particulars as identified above or as discovered herein.

4.  Installation Defect – General Negligence

a.  In failing to install the head pulley bearing correctly, including, but not limited to, the failure to install a non-expansion and expansion pillow block bearing on the head section of the south leg;

b.  In violating NFPA 61;

c.  In failing to provide Dodge maintenance manual to the end user;

d.  In failing to provide appropriate bearing manufacturer maintenance instructions;

e.  In failing to install explosion panels or pressure relief panels in said legs;

f.  In violating provisions of NFPA 61, including but not limited to, failing to install explosion or pressure relief panels;

g.  In failing to install adequate warning or sensing equipment including but not limited to hot bearing sensors, rub block sensors, and slow down sensors and internal sensors for the pillow blocks;

h.  In failing to use reasonable care in installing the elevator or it components therein;

i.  In failing to install the elevator so that the bearings were protected from contamination and corrosion;

j.  In failing to install the elevator so that the amount of grease in the bearings was visible or known to the person providing service;

k.  In failing to install in the elevator a head pulley section included two non-expansion pillow block bearings;

l.  In installing the elevator such that the elevator dust system was not interlocked with the operating system;

m.  In failing to purchase and install Dodge pillow block bearings that incorporated internal sensing equipment;

n.  In failing to install appropriate distributors and/or gates to reduce the effect of fire and/or explosion;

o.  In failing to provide appropriate manufacture bearing maintenance instructions;

p.  In failing to install bearings utilizing internal sensing equipment and/or failure to utilize and/or purchase Dodge/Balder (or any other manufacturer's) bearings with internal sensing equipment;

q.  In any other particulars as identified by Plaintiff's experts; and

r.   In any other particulars as identified above or as discovered herein.

60.     That the negligence/fault of Defendant, Schlagel, was a proximate cause of the resulting property and/or other damages to the Midwest Farmers property.

61.     As a result of the negligence/fault of Defendant, Schlagel, Nationwide has paid and may pay an additional amount of money by reason of the insurance policy covering the property, and Plaintiff has thus been damaged in the same amount by reason of the payment of the insurance proceeds under the policy.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SCHLAGEL, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION VIII

## (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY - AGAINST SCHLAGEL)

62.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

63.     That Defendant Schlagel impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining and/or constructing an elevator system or its components.

64.     That Defendant Schlagel impliedly warranted that the services and/or product it provided rendered the elevator system safe and reliable to use.

65.     That Defendant Schlagel impliedly warranted that it had properly warned and/or educated regarding the dangers of the system, including but not limited to the dangers associated with the bearings.

66.     That Defendant Schlagel impliedly warranted that the product or products and services it rendered were merchantable.

67.     That Defendant Schlagel breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division VII.

68.     That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore set out, Plaintiff has sustained damages as set forth above.

69.     That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SCHLAGEL, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION IX

## (BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE - AGAINST SCHLAGEL)

70.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

71.     That Defendant Schlagel impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining and/or constructing an elevator system or its components.

72.     That Defendant Schlagel impliedly warranted that the services and/or product it provided rendered the elevator system safe and reliable to use.

73.     That Defendant Schlagel impliedly warranted that it had properly warned and/or educated regarding the dangers of the system, including but not limited to the dangers associated with the bearings.

74.     That Defendant Schlagel impliedly warranted that the product or products and services it rendered were fit for an intended and/or particular purpose.

75.     That Defendant Schlagel breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division VII.

76.     That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore set out, Plaintiff has sustained damages as set forth above.

77.     That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SCHLAGEL, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION X

## (BREACH OF IMPLIED WARRANTY OF WORKMANLIKE MANNER - AGAINST SCHLAGEL)

78.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

79.     That Defendant Schlagel impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining and/or constructing an elevator system or its components.

80.     That Defendant Schlagel impliedly warranted that the services and/or product it provided rendered the elevator system safe and reliable to use.

81.     That Defendant Schlagel impliedly warranted that it had properly warned and/or educated regarding the dangers of the system, including but not limited to the dangers associated with the bearings.

82.     That Defendant Schlagel impliedly warranted that the product or products and services it rendered would be of a workmanlike manner.

83.     That Defendant Schlagel breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division VII.

84.     That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore set out, Plaintiff has sustained damages as set forth above.

85.     That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SCHLAGEL, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION XI

### (BREACH OF EXPRESSED WARRANTIES - AGAINST SCHLAGEL)

86.      That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs herein as though fully set out.

87.      That Defendant Schlagel expressly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining, and/or constructing an elevator system and/or its component parts for Midwest Farmers.

88.      That Defendant Schlagel expressly warranted that the product and/or services it provided rendered the facility safe to use and that Midwest Farmers had been properly warned and/or educated regarding the dangers and deficiencies of the product and/or services its provided.

89.      That Defendant Schlagel made other express warranties as to be discovered during the course of this litigation.

90.      That Defendant Schlagel breached any and/or all of the express warranties including, but not limited to, the allegations as set forth in Division VII.

91.      That as a direct and proximate cause of the breach of expressed warranties by the Defendant as heretofore set out Plaintiffs herein have sustained damages as heretofore set out.

92.     That as a direct and proximate cause of the breach of the expressed warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, SCHLAGEL, INC., in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION XII
### (NEGLIGENCE/STRICT LIABILITY AGAINST BALDOR)

93.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

94.     That Defendant, Baldor, provided manufacturing, and/or assembling, and/or designing, and/or supply, and/or other services or products to Midwest Farmers or others with respect to the grain elevator system, including, but not limited to, pillow block bearings and bearing component parts in place at the Midwest Farmers elevator at the time of the explosion and/or fire.

95.     That the product and/or services, including but not limited to the aforementioned bearings and/or bearing component parts, manufactured, and/or assembled, and/or designed, and/or supplied, and/or maintained and/or constructed by Defendant, Baldor, was a cause of the explosion and/or fire.

96.     That Defendant, Baldor, was negligent and/or strictly liable in one or more of the following particulars:

1.    In Failing to Adequately Warn/Instruct/Provide:

    a.   proper and adequate and safe means and/or ways and/or procedures and/or actions to take regarding pillow block bearing maintenance;

    b.   regarding the risks associated in the installation of two non-expansion pillow block bearings on the head shaft of the elevator leg.

    c.   regarding the risks associated with failing to and the need to use internal hazard monitoring sensing equipment for the bearings;

    d.   regarding post-sale warnings;

    e.   regarding the risks associated with failing to and the need to install E-Tec seals on the pillow block bearings;

    f.   regarding the risks associated with failing to and the need to install end caps on the pillow block bearings;

    g.   regarding the risks associated with failing to and the need to install a Dodge bearing with pre-drilling for internal sensing equipment;

    h.   regarding the inadequate content of its instructions or warnings;

    i.   failing to make sure the end user received the instructions or warnings;

    j.   any and all particulars as identified by Plaintiff's experts; and

    k.   any other particulars as discovered herein.

2.    Design Defect

    a.   In failing to design the pillow block bearings so that the bearings were protected from contamination and corrosion;

    b.   In failing to design the elevator so that the amount of grease in the bearings was visible or known to the person providing service;

    c.   In failing to provide a bearing with end caps;

    d.   In failing to provide a bearing with pre-drilling for internal sensing equipment;

    e.   In any other particulars as identified by Plaintiff's experts; and

    f.   In any other particulars as discovered herein.

3.    Manufacturing Defect

e.   In manufacturing a product with a manufacturing defect.

97.    That the negligence/fault of Defendant, Baldor, was a proximate cause of the resulting property and/or other damages to the Midwest Farmers property.

98.    As a result of the negligence/fault of Defendant, Baldor, Nationwide has paid and may pay an additional amount of money by reason of the insurance policy covering the property, and Plaintiff has thus been damaged in the same amount by reason of the payment of the insurance proceeds under the policy.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY, in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION XIII

### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY - AGAINST BALDOR)

99.    That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

100.    That Defendant Baldor impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or

maintaining and/or constructing a product, including but not limited to it bearings for Midwest Farmers.

101.    That Defendant Baldor impliedly warranted that the services and/or product it provided rendered the elevator system safe and reliable to use and that Midwest Farmers had been properly warned and/or educated regarding the dangers of the product and/or system, including but not limited to the dangers associated with the bearings.

102.    That Defendant Baldor impliedly warranted that the product or products and services rendered were merchantable.

103.    That Defendant Baldor breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division XII.

104.    That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore set out, Plaintiff has sustained damages as set forth above.

105.    That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY, in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION XIV

### (BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE - AGAINST BALDOR)

106.    That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

107.    That Defendant Baldor impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining and/or constructing a product, including but not limited to it bearings for Midwest Farmers.

108.    That Defendant Baldor impliedly warranted that the services and/or product it provided rendered the elevator system safe and reliable to use and that Midwest Farmers had been properly warned and/or educated regarding the dangers of the product and/or system, including but not limited to the dangers associated with the bearings.

109.    That Defendant Baldor impliedly warranted that the product or products and services rendered were fit for an intended and/or particular purpose.

110.    That Defendant Baldor breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division XII.

111.    That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore set out, Plaintiff has sustained damages as set forth above.

112.    That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY, in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION XV

### (BREACH OF IMPLIED WARRANTY OF WORKMANLIKE MANNER - AGAINST BALDOR)

113.     That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs as though fully set forth herein.

114.     That Defendant Baldor impliedly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining and/or constructing a product, including but not limited to it bearings for Midwest Farmers.

115.     That Defendant Baldor impliedly warranted that the services and/or product it provided rendered the elevator system safe and reliable to use and that Midwest Farmers had been properly warned and/or educated regarding the dangers of the product and/or system, including but not limited to the dangers associated with the bearings.

116.     That Defendant Baldor impliedly warranted that the product or products and services rendered would be of a workmanlike manner.

117.    That Defendant Baldor breached any and/or all of the implied warranties including, but not limited to, the allegations as set forth in Division XII.

118.    That as a direct and proximate cause of the breach of implied warranties by the Defendant as heretofore set out, Plaintiff has sustained damages as set forth above.

119.    That as a direct and proximate cause of the breach of the implied warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY, in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## DIVISION XVI
### (BREACH OF EXPRESSED WARRANTIES - AGAINST BALDOR)

120.    That the Plaintiffs replead and reallege the allegations of all above paragraphs, and each subparagraph, herein and by this reference incorporate said paragraphs herein as though fully set out.

121.    That Defendant Baldor expressly warranted that it had knowledge and was capable of safely manufacturing, and/or assembling, and/or designing, and/or supplying, and/or maintaining, and/or constructing a product, including but not limited to bearings for Midwest Farmers.

122.    That Defendant Baldor expressly warranted that the product and/or services it provided rendered the facility safe to use and that Midwest Farmers had been properly warned and/or educated regarding the dangers and deficiencies of the product and/or services its provided, including but not limited to its bearings.

123.    That Defendant Baldor made other express warranties as to be discovered during the course of this litigation.

124.    That Defendant Baldor breached any and/or all of the express warranties including, but not limited to, the allegations as set forth in Division XII.

125.    That as a direct and proximate cause of the breach of expressed warranties by the Defendant as heretofore set out Plaintiffs herein have sustained damages as heretofore set out.

126.    That as a direct and proximate cause of the breach of the expressed warranties by the Defendant, the Plaintiff has sustained damages as heretofore set out and is entitled to just, reasonable, and adequate compensation therefore.

WHEREFORE, Plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, prays for judgment against the Defendant, BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY, in an amount of just, reasonable and adequate compensation for the injuries and damages it has sustained together with interest as by law allowed and the costs of this action.

## JURY DEMAND

COMES NOW, the Plaintiff and hereby request trial by jury of all issues in the above-stated matter.

BEATTIE LAW FIRM, P.C.


By_____*Donald G. Beattie*_____
Donald G. Beattie (AT0000736)
Brett J. Beattie (AT0008988)
Nile Hicks (AT0009391)
4300 Grand Ave.
Des Moines IA  50312
Phone:  (515) 263-1000
FAX:   (515) 263-1411
don.beattie@beattielawfirm.com
Attorneys for Plaintiff