UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SMA ELEVATOR CONSTRUCTION, INC.; S & M CONTROLS, INC.; SCHLAGEL, INC.; BALDOR ELECTRIC COMPANY; BALDOR ELECTRIC COMPANY f/n/a and/or a/k/a DODGE; DODGE a/k/a and/or n/k/a BALDOR ELECTRIC COMPANY; THE TIMKEN COMPANY f/n/a and/or a/k/a TIMKEN; and GEECO, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CASE NO. 5:09-cv-04002MWB

SCHLAGEL, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Schlagel, Inc., and for its Brief in Support of Motion for Summary Judgment pursuant to Local Rule 56(d) and 7(g), respectfully states to the Court as follows:

**ARGUMENT**

**I.    PLAINTIFF RAISES NO ARGUMENTS IN SUPPORT OF ITS CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF WORKMANLIKE MANNER; SCHLAGEL IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THIS CLAIM.**

Plaintiff makes no attempt to contest Schlagel's arguments relative to Plaintiff's allegation of breach of the implied warranty of workmanlike manner. Schlagel is entitled to judgment as a matter of law on this claim.

**II.   PLAINTIFF RAISES NO EXPRESS STATEMENT IN SUPPORT OF ITS CLAIM FOR BREACH OF ANY EXPRESS WARRANTY, NOR DOES PLAINTIFF DEMONSTRATE ANY ALLEGED STATEMENT SERVED AS THE "BASIS OF**

**THE BARGAIN"; SCHLAGEL IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THIS CLAIM.**

Plaintiff makes passing references to alleged "statements" on the part of Schlagel in Plaintiff's voluminous and repetitive statement of disputed facts, but Plaintiff fails to identify any statement that related to the goods and became a basis of the bargain in this case. Reference to Plaintiff's brief confirms that Plaintiff makes no arguments in contraventions of Schlagel's legal arguments relative to any alleged breach of express warranty.

Further, Plaintiff has failed to establish a sufficient basis to sustain its claim for breach of express warranty. Nowhere in Plaintiff's Statement of Facts does Plaintiff identify any of Plaintiff's representatives who relied in any manner on affirmative statements made by Schlagel. Further, Plaintiff goes to great lengths to argue that statements in Schlagel's literature were <u>not</u> the basis of the bargain in Plaintiff's disclaimer argument, but Plaintiff advances no argument or basis to demonstrate that any alleged statement made on the part of Schlagel was made a "basis of the bargain." Schlagel is entitled to judgment as a matter of law on Plaintiff's claim for breach of express warranty.

**III.   PLAINTIFF SETS FORTH NO EVIDENCE IN SUPPORT OF ITS ASSERTION THAT IT CAN MAINTAIN A CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; SCHLAGEL IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THIS CLAIM.**

In resisting summary judgment on the implied warranty of fitness for a particular purpose, the Plaintiff's has argued that: (1) the statute of limitations, as clarified by Section 554.2725(2) does not apply to this case because Plaintiff has pled a "common law breach of warranty for fitness" claim, and the common law discovery rule tolls the statute of limitations; (2) Plaintiff is not obligated to set forth any reliance on third-party supplier Schlagel in support of its claim because it relied on "general contractor" SMA; (3) Schlagel's knowledge of the grain

2

handling equipment's ordinary purpose constitutes knowledge on Schlagel's part of Plaintiff's alleged particular purpose (which is not very particular).

First, Plaintiff's claim is barred by the statute of limitations. While Plaintiff cites the Iowa Supreme Court's decision <u>Speight</u> for the proposition that the discovery rule applies to Plaintiff's "common law" claim, Plaintiff's reliance on <u>Speight</u> is misplaced. The Iowa Supreme Court in <u>Speight</u> found that the strict UCC rule in Section 554.2725(2) did not apply in a dispute over alleged deficient construction techniques in a house because the Plaintiff's house was not a "good." <u>Speight v. Walters Dev. Co.</u>, 744 N.W.2d 108, 116 (Iowa 2008). Here, the dispute is over "goods." Plaintiff gives no reasoning or authority for why Plaintiff's claim is a "common law" as opposed to statutory claim. Plaintiff's claim is a statutory claim, because the disputed products are "goods," and the statute of limitations applies and begins to run pursuant to the rule set forth in Section 554.2725(2). As set forth in Schlagel's original brief, Plaintiff's claim is clearly barred by the statute of limitations based on the facts in this case.

Second, Plaintiff demonstrates no actual reliance on Schlagel throughout its brief and statement of facts. By so doing, Plaintiff still fails to establish a claim for breach of warranty of fitness for a particular purpose. Plaintiff seems to argue that because Schlagel knew it manufactured grain handling equipment, it was aware of Plaintiff's "particular purpose" of using the equipment for grain handling purposes. Certainly, Schlagel concedes that its grain handling equipment would likely be used for grain handling purposes. Importantly, however, it is incumbent upon Plaintiff to demonstrate how Schlagel had reason to know of Plaintiff's purpose, that Schlagel had reason to know that Plaintiff relied on Schlagel's skill or judgment, and that Plaintiff in fact relied on Schlagel's skill or judgment to furnish goods. No single fact pled by Plaintiff demonstrates that Plaintiff relied on Schlagel's skill or judgment in any way at all.

3

Instead, Plaintiff merely demonstrates that Plaintiff worked with SMA Elevator Construction to design an elevator and that SMA communicated with Schlagel in getting equipment to the site.

Even if Plaintiff's overly tenuous link between Plaintiff's alleged reliance and Schlagel's knowledge are sufficient for the Court to satisfy this threshold element, the Iowa Supreme Court has clarified that a non-privity purchaser Plaintiff can only recover "direct economic loss" for breaches of implied warranty and not consequential economic losses. <u>Wells Dairy, Inc. v. Am. Indus. Refrigeration, Inc.</u>, 762 N.W.2d 463, 476 (Iowa 2009).

Finally, all implied warranties were disclaimed by Schlagel in its invoices. Plaintiff asserts that disclaimer does not apply for its alleged "common law" claims for breach of warranty, even though it has no explanation for the curious argument that it can pick "common law" or "statutory" claims based on what suits it best. Further, Plaintiff alleges Schlagel's invoices were provided "after sale" when they were, in fact, provided contemporaneously with delivery of the goods. The Schlagel invoices conspicuously identified in writing that the warranties were disclaimed.

### IV. **PLAINTIFF SETS FORTH NO EVIDENCE IN SUPPORT OF ITS ASSERTION THAT IT CAN MAINTAIN A CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY; SCHLAGEL IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THIS CLAIM.**

As above, Plaintiff misplaces its reliance on the assertions that their allegation is a "common law" claim. Plaintiff's claims are based on the sale of "goods," and as a result, Section 554.2725 applies. As above, Plaintiff's claims are barred by the applicable statute of limitations.

Secondly, Plaintiff wholly fails to identify how Plaintiff has a claim for merchantability against Schlagel. Plaintiff's brief spans dozens of pages discussing the explosion incident that occurred at Alton's plant; however, proof of an explosion does not constitute a warranty breach

4

that caused the explosion. Here, Plaintiff's theories against Schlagel are principally failure to warn and alleged negligence; instead Plaintiff attempts to recast these claims to sustain a bizarre warranty claim that is not based on a warranty theory. As Defendant's brief identifies, and Plaintiff's brief reinforces, Plaintiff has not identified any way in which the goods were not "merchantable" at the time of sale. Instead, Plaintiff asserts voluminous facts of alleged failures to incorporate upgrades or additional safety features. These allegations have nothing to do with the product's "merchantability," at least insofar as Plaintiff has argued them.

Third, as above, Plaintiff can only recover direct economic losses for Plaintiff's claim of breach of the implied warranty of merchantability, if the Court finds Plaintiff has sustained its burden and, finally, as above, Schlagel maintains any such warranties were expressly disclaimed.

## V. **PLAINTIFF HAS NOT DEMONSTRATED THAT THE INTENDED DESIGN OR MANUFACTURING OF SCHLAGEL'S PRODUCT DIFFERED FROM ITS INTENDED PRODUCT DESIGNS.**

Plaintiff's brief appears to argue that, because an explosion happened, Plaintiff has a claim for a design or manufacturing defect against Schlagel.

A careful reading of Plaintiff's brief confirms that the statements in Schlagel's brief remain unrebutted: Plaintiff simply has no evidence that the intended design or manufacturing of Schlagel's product deviated from its intended product designs. Schlagel is entitled to judgment as a matter of law on this claim.

## VI. **PLAINTIFF HAS NOT DEMONSTRATED THAT IT HAS ANY BASIS FOR AN INSTALLATION DEFECT CLAIM.**

Plaintiff appears not to contest that it has failed to demonstrate Schlagel was an installer or repairer. As such, Schlagel submits that it is entitled to judgment as a matter of law on Plaintiff's claim for installation defect.

5

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309
Telephone: (515) 288-6041
Fax: (515) 246-1474
Email: henderson@whitfieldlaw.com
fisk@whitfieldlaw.com


BY: _/s/_Erik S. Fisk_____

Thomas Henderson         AT0003415
Erik S. Fisk                  AT0002449

ATTORNEYS FOR DEFENDANT
SCHLAGEL, INC.

I:\Berkley\Schlagel\MSJ\Brief ISO MSJ REPLYFOR FILING.doc

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 5, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the counsel below.

6

Case 5:09-cv-04002-MWB   Document 176   Filed 07/05/11   Page 6 of 7

Donald G. Beattie
Brett J. Beattie
BEATTIE LAW FIRM, P.C.
4300 Grand Avenue
Des Monies, IA 50312
don.beattie@beattielawfirm.com
ATTORNEYS FOR NATIONWIDE
AGRIBUSINESS INSURANCE COMPANY


Mark D. Aljets
Mathew R. Eslick
Angel Anna West
Richard J. Sapp
NYEMASTER, GOOD, WEST, et al.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
mda@nyemaster.com
mreslick@nyemaster.com
aaw@nyemaster.com
rjs@nyemaster.com
ATTORNEYS FOR SMA ELEVATOR
CONSTRUCTION, INC.

Daniel L. Hartnett
Marci L. Iseminger
Jonathan J. Blum
CRARY, HUFF, INKSTER, et al.
614 Pierce Street
P.O. Box 27
Sioux City, IA 51102
dhartnett@craryhuff.com
miseminger@craryhuff.com
jblum@craryhuff.com
&
B. Matthew Struble
David A. Dick
Nicholas J. Lamb
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
mstruble@thompsoncoburn.com
ddick@thompsoncoburn.com
nlamb@thompsoncoburn.com
ATTORNEYS FOR BALDOR ELECTRIC
COMPANY, BALDOR ELECTRIC
COMPANY f/k/a and/or a/k/a DODGE,
DODGE a/k/a and/or n/k/a BALDOR
ELECTRIC COMPANY



By:_____*/s/ Erik S. Fisk*_____